fairly and legally tried, in good faith, by the jury, and not by the court, as our constitution and laws require.

New trial granted.

---

## In re BURT.

(*District Court, N. D. New York.* May 20, 1886.)

1. BANKRUPTCY—ASSIGNEE'S COMMISSION—RETENTION OF FUNDS.
   The assignee may retain from the funds in his hands the amount of fees and commissions earned; but cannot retain a sum to meet any additional allowance the court may see fit to grant.

2. SAME—DEPOSIT IN BANK—LOSS OF INTEREST.
   Where the assignee fails to deposit moneys received in bank, he is liable to the estate for any interest lost through such failure.

In Bankruptcy.

In May or June, 1884, the assignee received, on account of the estate, $5,478. On the fifteenth of October, 1884, he deposited $4,563 in the bank designated by the court. At the third meeting of creditors the amount received by him in excess of the sum so deposited was ascertained to be $995, and the amount due him for commissions, etc., was adjusted at $419. The creditors now move that the assignee be required to deposit $995, with interest at the bank rate of 3½ per cent. per annum; and also the interest upon $5,478 during the interval it remained in his hands. The motion is resisted upon the ground that the assignee was justified in retaining a sum sufficient to pay his commissions, the current expenses of the trust, and any additional allowance which the court might see fit to grant.

*Elisha B. Powell,* for the motion.

*William Tiffany,* opposed.

COXE, J. The position of the assignee is not tenable. He could, without impropriety, retain the amount of fees and commissions earned; but it was not permissible for him to appropriate several hundred dollars upon the supposition that the court might sometime in the future award an extra allowance for his services. Care has been taken in the selection of suitable depositories in which all moneys received by assignees in bankruptcy shall be deposited. The only prudent course, therefore, is for the assignee to follow the rules laid down for his guidance. The proposition that the sum retained was needed for current expenses is sufficiently answered by the undisputed allegation that it has not been so used, but, on the contrary, the expenses of the trust have been uniformly paid from the funds in the bank.

The proof fails to show bad faith upon the part of the assignee. It does show, however, that the creditors have lost a certain amount of interest by reason of his action. The estate, and not the assignee,

is entitled to what the fund can earn. It follows that the assignee should forthwith deposit in the First National Bank of Oswego, New York, the sum of $576, with interest thereon at the rate of $3\frac{1}{2}$ per cent. per annum from the fifteenth of October, 1884; also interest upon $5,478 from the date of its reception by him until October 15, 1884. There being some dispute between the parties as to dates, etc., the computation may take place under the supervision of the register in charge, to whom it is referred for that purpose.

---

## In re BURT.

### (District Court, N. D. New York. May 20, 1886.)

BANKRUPTCY—ASSIGNEE'S FEES—EXTRAORDINARY AND UNUSUAL DUTIES.

The court having examined *de novo* an application by the assignee for an additional allowance in respect of extraordinary and unusual duties, followed the report of the register giving an additional allowance, although it had not been filed or excepted to, on the ground that the opinion of the register, who had personal knowledge of the matters in controversy, was entitled to great weight, and the court did not feel justified in disturbing it.

In Bankruptcy.

On the ninth day of March, 1886, a motion being then pending for an additional allowance to the assignee, the issues involved were, by consent of all parties, duly referred to the register in charge. The order recites "that the petition, and the subject-matter thereof, and the entire subject of compensation of said assignee, be, and the same hereby is, referred to Hon. O. CARSKADDAN, register in bankruptcy, to hear and examine into the same, and report thereon in full to this court, with his opinion." The register heard the parties, and reported that $250 is a reasonable sum to be allowed for the extraordinary and unusual duties performed by the assignee. The report concludes as follows: "I think the sum of two hundred and fifty dollars would be a just and fair allowance, under the circumstances of the case, and hereby order and direct that the assignee be allowed that sum as extra compensation in the above matter." No exceptions to the report, as required by rule 17 of this court, have been filed, nor is any evidence presented that the report itself has been filed. All the papers and written briefs have been sent to the court upon the theory entertained, apparently, by both counsel that the whole subject is open for discussion, and that the reference to the register was a perfunctory and formal proceeding. The bankrupt and the creditors insist that the assignee should receive nothing. The assignee, on the contrary, contends that he is entitled to double the sum awarded by the register.

*William Tiffany*, for the assignee.

*Elisha B. Powell*, for the bankrupt and creditors.